IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE WINTER, Individually, ) <br> and as Personal Representative of the ) <br> Estate of RUTH BALDWIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVARTIS PHARMACEUTICALS ) <br> CORPORATION, ) <br> ) <br> Defendant. ) | No. 06-4049-CV-C-MJW |

## ORDER ON BILL OF COSTS

Following a three-week jury trial in which a jury returned a verdict in favor of plaintiff Christine Winter in the amount of $225,000.00 on a negligent failure-to-warn claim, the Clerk's Judgment in favor of plaintiff was entered on April 9, 2012. (Doc. 222.)

On April 30, 2012, plaintiff filed her bill of costs with the Court, seeking an order requiring defendant Novartis Pharmaceutical Corporation (NPC) to pay costs in the amount of $137,715.35. (Doc. 226.) Plaintiff's verified bill of costs was filed within the 21-day period as required by Local Rule 54.1. On May 15, 2012, plaintiff filed a notice of supplemental exhibits in support of her bill of costs, providing the Court with additional records. (Doc 243.)

### I. Defendant's Motion to Strike Plaintiff's Supplemental Exhibits

On May 17, 2012, defendant filed objections to plaintiff's bill of costs, asserting that plaintiff is entitled to only $6,227.49 in total costs. (Doc. 244.) On May 23, 2012, defendant filed a motion to strike plaintiff's supplemental exhibits in support of her bill of costs. (Doc. 245.) In its motion, defendant argues that plaintiff's supplemental exhibits should be stricken because the exhibits were not filed within 21 days of the entry of the Clerk's Judgment, as contemplated by Local Rule 54.1. Plaintiff filed her suggestions in opposition to NPC's motion to strike plaintiff's supplemental exhibits on June 4, 2012 (Doc. 247), arguing that she had complied with Local Rule

1

54.1 because the Rules only require a prevailing party to file a verified bill of costs on a form provided by the Clerk, and does not require the actual filing of the supporting bills and documentation supporting the bill of costs within the 21-day period.   Plaintiff further asserts she filed the supplemental exhibits in an effort to assist the Court in determining the amount of costs to be awarded to plaintiff.   The Court has found the supplemental exhibits helpful in determining the appropriate amount of costs to be awarded to plaintiff.   The Court further notes that the vast majority of plaintiff's supporting documentation in support of her bill of costs was filed simultaneously with her initial filing on April 30, 2012.   (Doc. 226.)   The supplemental filing was made when plaintiff's counsel discovered additional bills in an amount totaling approximately $8,000.00 after the initial filing was made.

The Court agrees with plaintiff that she complied with the requirements of Local Rule 54.1 by providing a verified bill of costs within the 21-day period as contemplated by the rule. Plaintiff is correct that Rule 54.1 does not require that supporting documentation in support of the verified bill of costs be filed simultaneously with the bill of costs.   Because plaintiff has filed supporting documentation in support of her request for costs, unlike the prevailing parties in the cases cited by defendant, the Court will be in a better position to make a reasoned determination on the amount of reimbursable costs which should be awarded.   Consequently, defendant's motion to strike (Doc. 245) is DENIED.

## II.   Plaintiff is the Prevailing Party

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the *prevailing party.*"   (Emphasis added.)   Defendant contends that plaintiff is not a "prevailing party" as contemplated by Rule 54(d)(1) because plaintiff only prevailed on her negligent failure-to-warn claim in which the jury awarded her damages in the amount of $225,000.00, and she did not prevail on her strict liability failure-to-warn claim or her punitive damages request.   Plaintiff disagrees and contends the law is clear that a party need not prevail on all issues to justify a full award of costs.   The parties both acknowledge that the Court has considerable discretion in determining which party is the "prevailing party" as contemplated by Rule 54.   See Johnson v. Nordstrom-Larpenteur Agency, Inc., 623 F.2d 1279 (8th Cir. 1980).

2

Case 2:06-cv-04049-MJW   Document 260   Filed 09/11/12   Page 2 of 8

Generally, costs may be awarded to a successful party-plaintiff as the prevailing party where there is success on the merits of the case although not to the extent of the plaintiff's original contention, or where the plaintiff is not awarded the entire claim.  Lodges 743 and 1746, Int. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. United Aircraft Corp., 534 F.2d 422 (2d Cir. 1975); Dowdell v. City of Apopka, Fla., 572 F. Supp. 297 (M.D. Fla. 1981), aff'd, in part, rev'd, in part, on other grounds, 698 F.2d 1181 (11th Cir. 1983).  In other words, to be a "prevailing party" for the purposes of awarding costs, a party must obtain at least some relief on the merits of the party's claim or claims.  Powder River Basin Resource Council v. Babbitt, 54 F.3d 1477 (10th Cir. 1995).  Here, the central issue in this case was whether defendant adequately warned plaintiff of the dangers of developing osteonecrosis of the jaw (ONJ) as a result of taking Aredia and/or Zometa.  The jury determined that defendant was negligent in warning plaintiff about ONJ.  The Court has previously determined that the evidence supported the jury's findings in this regard. See Doc. 254, Order denying motion as a matter of law.  As a result, the Court finds that plaintiff is the "prevailing party" in this litigation within the meaning of Rule 54(d)(1), and should be awarded her costs incurred as a result of the litigation.

With respect to the awarding of costs to plaintiff, the Court notes "[t]here is no requirement under the Federal Rules of Civil Procedure relating to costs that a district court provide a detailed review or analysis of every item of cost it awards; rather, a prevailing party is presumptively entitled to recover all of its costs."  Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896-97 (8th Cir. 2009).  However, some degree of analysis is necessary here because of the multitude of objections advanced by defendant.

### III.   Fees of the Clerk

Initially, plaintiff seeks reimbursement of the fees of the Clerk totaling $400.00.  This amount represents a $250.00 filing fee and *pro hac vice* filing fee in the amount of $150.00. Clearly, the filing fee is reimbursable.  *Pro hac vice* fees are reimbursable costs and have been awarded to prevailing parties.  See, e.g., Craftsman Limousine, Inc. v. Ford Motor Co., 579 F.3d at 898.  The Court agrees fees in the amount of $400.00 are reimbursable to plaintiff.

## IV. Witness Fees

Plaintiff lists fourteen witness appearance fees for depositions and/or trial at $40.00 per witness, totaling $600.00. However, apparently a mathematical error has occurred because fees for fourteen witnesses total $560.00. Defendant objects to the reimbursement of any witness fees to plaintiff, contending that plaintiff did not provide sufficient documentation. The Court notes that a simple review of the trial transcript index reveals that plaintiff, in fact, called fourteen witnesses to testify in person during the jury trial. The remainder of plaintiff's witnesses testified by videotaped recordings.

The taxation of costs statute indicates that a judge or clerk of any court of the United States may tax fees and disbursements for printing and witnesses. See 28 U.S.C. § 1920(3). A district court may award witness fees if it determines that the witness's testimony was crucial to the issues decided and the expenditures were necessary to the litigation. Here, the Court finds that each of the fourteen witnesses called by plaintiff to testify in person at trial was crucial to the issues decided. The fourteen witnesses for which plaintiff submits costs were witnesses who were subpoenaed. Rule 45 of the Federal Rules of Civil Procedure requires the payment of a witness fee to the witness upon service of the subpoena. Consequently, the witness fees were also mandatory.

The Court agrees with plaintiff that she is entitled to reimbursement of witness fees. Plaintiff is entitled to reimbursement for fourteen witness fees in the total amount of $560.00.

## V. Costs Associated with Stenographic and Nonstenographic Recordings

Plaintiff next seeks reimbursement of deposition costs in the amount of $130,917.25. This amount includes video transcripts (nonstenographic) in the amount of $28,360.49. The total amount of stenographic deposition transcripts plaintiff seeks to recover is $102,556.76. Plaintiff also seeks to recover rough draft trial (daily) transcripts in the amount of $5,798.10.

The taxation of costs statute states that a judge or clerk of any court of the United States may tax fees for printed or electronically recorded transcripts necessarily obtained for use in the case. See 28 U.S.C. § 1920(2). Local Rule 30.1(c)(4) states that "[u]nless otherwise ordered by the Court or stipulated by the parties, the expense of non-stenographic recording is to be borne by the party utilizing it and shall not be taxed as costs." Plaintiff cites Employer's Reinsurance v. Mass Mutual Life Insurance Company, 2012 WL 1438704 (W.D. Mo. 2012), as support for its

argument that the Court can award the reimbursement of costs for printed or electronically recorded transcripts.  In addition, Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure authorizes video depositions as an alternative to traditional stenographic depositions, which section 1920 does authorize.  Craftsman Limousine, Inc. v. Ford Motor Co., 579 F.3d at 897.  In addition, several other circuits have held that expenses associated with video depositions are recoverable as costs.  See Little v. Mitsubishi Motors N. Am., 514 F.3d 699, 701 (7th Cir. 2008) (per curiam); Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997) ("[W]e hold section 1920(2) implicitly permits taxation of the costs of video depositions."); Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464-65 (11th Cir. 1996) ("[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.").

      Defendant opposes the awarding of costs to plaintiff for any of the video recordings, citing Local Rule 30(c)(4) and MEMC Electronic Materials, Inc. v. Sunlight Group, Inc., 2012 WL 918743 at *2 (E.D. Mo. 2012), which excluded video costs on the basis that "it would be contrary to section 1920's plain language to allow MEMC to recover costs for both stenographic and video costs for [the witness's] depositions."

      The Court agrees with plaintiff that the use of the videotaped depositions was unquestionably very helpful to the jury in assessing the credibility of the witnesses.  The use of videotaped testimony rather than just reading from a transcript is far and away a better method of presenting evidence to a jury.  And the Court acknowledges that Local Rule 30.1(c) requires the transcribing of videotaped depositions.  However, the Court believes it would be unfair to charge costs to defendant for **both** video and stenographic deposition costs.  The Court is persuaded by the reasoning of the Honorable Rodney W. Sippel of the Eastern District of Missouri, who noted in American Guarantee & Liability Ins, Co. v. U.S. Fidelity & Guaranty Co., 2010 WL 1935998 *2 (E.D. Mo. 2010), that the plain language of section 1920 has been construed to mean that a party may not recover costs for both stenographic and video transcripts.  As Judge Sippel noted, while section 1920 permits taxation of the costs associated with conducting video depositions, section 1920(2) allows taxable costs for "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case."  (Emphasis added.)  Citing other cases from this
5

district, Judge Sippel concluded that the use of the disjunctive "or" means that section 1920 should be construed to permit either stenographic transcription or video recording of depositions, but not both.  Id.  In so holding, Judge Sippel recognized that, when the plain language of a statute is clear, it is controlling, and that if a statute's wording is plain, simple and straightforward, the words must be accorded their normal meanings.  Id.  The Court agrees with this reasoning and concludes that here it would be contrary to section 1920's plain language to allow plaintiff to recover costs for both stenographic and video costs for the depositions.  Consequently, the Court DENIES plaintiff's request for taxation of costs in the amount of $28,360.49 against defendant for the videotaped depositions.  The Court does conclude, however, that plaintiff is entitled to taxation of costs for the stenographic transcripts and the request is GRANTED.  The total cost of the stenographic transcripts as set forth in plaintiff's Exhibit 1 attached to her bill of costs (Doc. 226) is $102,556.76.  However, this amount must be reduced in the amount of $4,741.41, which represents the delivery costs and which plaintiff concedes she is not entitled to recover.  See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).  As a result, the remaining figure the Court believes defendant should be required to reimburse to plaintiff, for stenographic deposition transcript costs, is $97,815.35.

The parties agree that this is the first ONJ case in which a request for the costs of depositions has been made.  Defendant asserts that the costs of depositions which were used in this trial and in past or future trials involving ONJ multi-district litigation are not recoverable in this case and the costs should be spread out over 650 cases.  Plaintiff argues that what may happen in future trials should have no bearing on her rights to recover for the costs of depositions as the prevailing party in this case.  The Court agrees with plaintiff.  However, the Court does not believe defendant should be subject to payment for costs on multiple occasions for the same deposition costs involving the same witnesses.  And while the undersigned acknowledges that he cannot bind other judges if future requests for costs for the same expenses are made, the Court does believe duplicative recovery against defendant for the same costs would be an unjust result.

## VI. Rough Draft and Other Costs Incurred for the Convenience of Counsel

Defendant next asserts that some costs, including rough draft costs, costs of additional copies, and any other electronic format charges that are not among those enumerated in 28 U.S.C. § 1920, were incurred for the convenience of counsel and are not recoverable. Defendant again cites MEMC Elec. Materials, Inc. v. Sunlight Group, Inc., id., in support of its argument. The Court has already reduced the amount requested in plaintiff's bill of costs for video depositions in the amount of $28,360.49. The Court has also reduced the amount submitted in plaintiff's bill of costs for delivery charges in the amount of $4,741.41.

Plaintiff argues that the "rough draft" transcript charges are recoverable and cites to 28 U.S.C. § 1920 which states, in pertinent part, as follows:

§ 1920 - Taxation of Costs

...

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

The Court agrees with plaintiff that the rough draft transcripts constitute items "necessarily obtained for use in the case" within the meaning of 28 U.S.C. § 1920(2).

Defendant also seeks to reduce plaintiff's costs for depositions by an additional $29,549.47, alleging that plaintiff is seeking reimbursement for deposition costs that were incurred for the "convenience of counsel." Defendant has not provided the Court with a detailed breakdown of specific objections to the bills for deposition costs submitted by plaintiff; rather, defendant has submitted a chart (Doc. 244, p.8) with a dollar amount for each witness which defendant claims represents a nonreimbursable cost. This somewhat confusing summary is inadequate and the Court declines defendant's request for a reduction. Plaintiff represents the charges were for items for use in the case and the Court accepts plaintiff's representation.

Defendant specifically points out that one of the deposition dates listed by plaintiff for reimbursement on August 22, 2009, was taken for Stevens v. NPC, a Montana state court case. Defendant cites Am. Auto Accessories, Inc. v. Fishman, 991 F. Supp. 995, 996 (N.D. Ill. 1998) (disallowing recovery for deposition taken in related state court case). Plaintiff did not provide a response to defendant's assertion on this item of cost. The Court agrees with defendant that this

7

amount is not recoverable and will accordingly reduce the amount of costs recoverable by $665.00. As a result, the amount of $97,815.35 listed above will be reduced to $97,150.35.

Finally, plaintiff requests reimbursement for daily trial transcript charges from Court Reporter Katie Wirt in the amount of $5,798.10. The Court notes that the parties jointly requested the daily transcripts for use during the trial. And while the Court certainly would not have required the parties to utilize daily transcripts during the trial, the parties elected to request and use the transcripts continually throughout the course of the trial in order to argue various factual and legal issues. Consequently, the Court finds the additional fees of the court reporter for daily transcripts were "necessarily obtained for use in the case" within the meaning of 28 U.S.C. § 1920 (2), and finds that the amount is reimbursable by defendant to plaintiff.

## VII.  Conclusion

Defendant Novartis Pharmaceutical Corporation's motion to strike plaintiff's supplemental exhibits in support of her bill of costs is DENIED. [ 245]

Plaintiff Christine Walker's request for reimbursement for her bill of costs is GRANTED, in part, and DENIED, in part. Defendant is ordered to reimburse plaintiff for costs incurred in the amount of $103,908.45. [226]

It is so ORDERED this 11th day of September, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

8

Case 2:06-cv-04049-MJW   Document 260   Filed 09/11/12   Page 8 of 8